**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF CHET | * | CIVIL ACTION NO.: |
| MORRISON CONTRACTORS, LLC AS | * | |
| OWNER AND OPERATOR OF THE | * | 2:20-cv-02781-JCZ-DPC |
| MARY MORRISON ITS ENGINES, | * | |
| TACKLE, APPAREL, ETC., THE M/V | * | JUDGE JAY C. ZAINEY |
| SUSAN MORRISON ITS ENGINES, | * | |
| TACKLE, APPAREL, ETC., AND THE | * | MAGISTRATE JUDGE |
| CM-14 FOR EXONERATION FROM | * | DONNA PHILLIPS CURRAULT |
| OR LIMITATION OF LIABILITY | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER and CLAIM BY**
**OYSTER LEASEHOLDER CLAIMANTS TO**
**CHET MORRISON CONTRACTORS, LLC'S**
**VERIFIED COMPLAINT FOR EXONERATION FROM**
**AND/OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, come Claimants, American Bay, Inc.,

Bay Antoine, Inc., Bayou Sabre, Inc., RH Trust Oysters, Inc., R.H. Trust Oysters No. 2, Inc.,

Tambour Bay, Inc., and The Diplomat, Inc., who file this Answer and Claim to the Verified

Complaint for Exoneration from and/or Limitation of Liability filed by Plaintiff-in-Limitation,

Chet Morrison Contractors, LLC, as owner and operator of the M/V MARY MORRISON, M/V

SUSAN MORRISON, and barge CM-14, as follows:

**ANSWER TO COMPLAINT FOR**
**EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

**FIRST DEFENSE**

This Honorable Court lacks subject matter jurisdiction, as set forth in Claimants' Rule

12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9).

## SECOND DEFENSE

The Complaint of Plaintiff-in-Limitation is untimely and time-barred by the six-month jurisdictional time limit mandated by 46 U.S.C. § 30511(a), as set forth in Claimants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9).

## THIRD DEFENSE

The Complaint of Plaintiff-in-Limitation fails to state a claim or cause of action upon which relief can be granted.

## FORTH DEFENSE

Claimants aver that Claimants were not in any manner negligent or guilty of any acts or omission or breach of duty in connection with the incident forming the subject matter of this litigation and that this incident was caused by Plaintiff-in-Limitation and/or others for whom Claimants are not responsible.

## FIFTH DEFENSE

Unseaworthy conditions existed aboard the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14 with the privity and knowledge of the Plaintiff-in-Limitation, Plaintiff-in-Limitation's principals, agents, servants, and/or employees, and, as such, Plaintiff-in-Limitation is not entitled to exoneration from or limitation of liability.

## SIXTH DEFENSE

Plaintiff-in-Limitation caused damage to Claimants through negligence and/or fault, and, as such, Plaintiff-in-Limitation is not entitled to exoneration from or limitation of liability.

## SEVENTH DEFENSE

On information and belief, Plaintiff-in-Limitation knowingly hired and retained an inexperienced captain and crew to operate the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14.

## EIGHTH DEFENSE

On information and belief, Plaintiff-in-Limitation knowingly failed to provide the captain and crew of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14 with adequate equipment for safe and effective navigation during periods of limited visibility, and/or they failed to properly train the captain and crew in the proper use of navigation equipment and the operation of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14.

## NINETH DEFENSE

The Complaint is barred by prescription, preemption and/or laches.

## TENTH DEFENSE

Claimants contest the value of the interest claimed by Plaintiff-in-Limitation in the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14 and/or their appurtenances, pending freight, and/or contracts to test the sufficiency of security.

## ELEVENTH DEFENSE

Claimants assert that the proper security posted should include the true value of not only the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14 and/or their appurtenances, pending freight, and/or contracts to test the sufficiency of security.

**TWELTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Plaintiff-in-Limitation has failed to deposit adequate security equal to the value of the vessel and its appurtenances, plus the pending freight. The proper security must be deposited at the time of filing and Plaintiff-in-Limitation failed to meet the requirements at the time of filing.

**THIRTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Plaintiff-in-Limitation.

**FOURTEENTH DEFENSE**

To the extent Plaintiff-in-Limitation's insurers attempt to avail themselves of the limitation or exoneration defense, Claimants assert the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing any insurer is entitled to avail itself of the Limitation of Liability Act. Claimants reserves the right to file a direct action against the insurers and underwriters of Plaintiff-in-Limitation.

**FIFTEENTH DEFENSE**

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors Plaintiff-in-Limitation over Claimants and deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

**SIXTEENTH DEFENSE**

Alternatively, in the event this Court is inclined to grant the request for exoneration from or limitation of liability, Claimants deny that any person other than the owner of the vessel are entitled to seek exoneration from or limitation of their liability herein.

**SEVENTEENTH DEFENSE**

Claimants reserve all rights to proceed against Chet Morrison Contractors, LLC and the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14.

**EIGHTEENTH DEFENSE**

Claimants reserve the right to file a direct action against the insurers and underwriters of Plaintiff-in-Limitation.

**NINETEENTH DEFENSE**

Claimants reserve the right to proceed in a different forum against Texas Gas Transmission, LLC, and its insurers and underwriters in a chosen forum if and when Plaintiff-in-Limitation's Verified Complaint for Exoneration from or Limitation of Liability is dismissed and/or the injunction preventing Claimants from filing a formal claim for damages is dissolved.

**TWENTIETH DEFENSE**

Claimants specifically reserve the right to supplement, amend and/or modify Claimants' answers and defenses to conform to any such facts as may be revealed during

**TWENTY- FIRST DEFENSE**

And now answering each and every allegation of the original complaint, Claimants responds as follows:

**ANSWER**

The introductory paragraph cites to legal conclusions and requires no answer from Claimants, but to the extent that any answer is required, the introductory paragraph is denied.

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 do not require Claimants to admit or deny the allegations as they contain statements regarding venue and require no answer from Claimants; however, out of an abundance of caution, the allegations are denied.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 do not require Claimants to admit or deny the allegations as they contain jurisdictional statements and require no answer from Claimants; however, out of an abundance of caution, the allegations are denied.  Claimants dispute the subject matter jurisdiction of this Honorable Court, as the Complaint of Plaintiff-in-Limitation is untimely and time-barred by the six-month jurisdictional time limit mandated by 46 U.S.C. § 30511(a), as set forth in Claimants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9).

9.

The allegations of Paragraph 9 are denied, except to admit that a Petition for Damages against Chet Morrison Contractors, LLC, Texas Gas Transmission, LLC, and XYZ Insurance in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana in the matter entitled *American Bay, Inc. et al. v. Texas Gas Transmission, LLC, et al.*, No. 18-6254 was filed on June 25, 2019, which is the best evidence of the representations and allegations contained therein.

10.

The allegations of Paragraph 10 are denied as written.  The Petition for Damages is the best evidence of the representations and allegations contained therein.

11.

The allegations of Paragraph 11 are denied as written.  The Petition for Damages is the best evidence of the representations and allegations contained therein.

12.

The allegations of Paragraph 12 are denied as written.  The Petition for Damages is the best evidence of the representations and allegations contained therein.

13.

The allegations of Paragraph 13 are denied as written.  The Petition for Damages is the best evidence of the representations and allegations contained therein.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied as written.  Claimants admit that Chet Morrison Contractors, LLC propounded written discovery to Claimants on October 22, 2019.

16.

The allegations of Paragraph 16 are denied as written.  Claimants admit that Claimants provided written discovery responses to Chet Morrison Contractors, LLC on April 3, 2020.

17.

The allegations of Paragraph 17 are denied.  Specifically, Claimants dispute that the Complaint of Plaintiff-in-Limitation is timely and filed within the six-month jurisdictional time limit mandated by 46 U.S.C. § 30511(a), as set forth in Claimants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9).

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.  Claimants specifically deny the allegations of Paragraph 23 insofar as any allegations of no fault against the Plaintiff-in-Limitation.

24.

The allegations set forth in Paragraph 24 are such that they do not require a response; alternatively, the allegations in Paragraph 24 are denied. Plaintiff-in-Limitation's alleged entitlement to limitation of liability is specifically denied.

25.

The allegations of Paragraph 25 do not require a response from Claimants; however, out of an abundance of caution, the allegations are denied.

26.

The allegations of Paragraph 26 are admitted as to the existence of Claimants' claims, the remaining allegations of Paragraph 26 are denied.

27.

The allegations of the second Paragraph 25 are denied.  The allegations set forth in the Sworn Declaration of Tim Anselmi of Anselmi Maritime Consulting, LLC are denied in full and/or denied for lack of sufficient information to justify a belief in the truth thereof.

28.

The allegations of the second Paragraph 26 do not require a response from Claimants; however, out of an abundance of caution, the allegations are denied.

29.

The allegations and prayer for relief are denied for lack of sufficient information to justify a belief therein.

WHEREFORE, Claimants pray that this Honorable Court deny Plaintiff-in-Limitation, Chet Morrison Contractors, LLC, as owner and operator of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, the right to exoneration from or limitation of liability. Further, Claimants reserve their rights to contest the valuation of the vessels, M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14 and their pending freight at the time of the actions described in the Claimants' claim herein. Claimants also pray for such further orders and relief to which Claimants are entitled, whether at law, in admiralty, or in equity, and hereinafter sets forth their Claim against Chet Morrison Contractors, LLC, as owner and operator of the M/V MARYMORRISON, M/V SUSAN MORRISON, and barge CM-14.

**CLAIM IN THE MATTER OF CHET MORRISON CONTRACTORS, LLC
AS OWNER AND OPERATOR OF THE MARY MORRISON
ITS ENGINES, TACKLE, APPAREL, ETC., THE M/V SUSAN MORRISON
ITS ENGINES, TACKLE, APPAREL, ETC., AND THE CM-14
FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, come Claimants, American Bay, Inc., Bay Antoine, Inc., Bayou Sabre, Inc., RH Trust Oysters, Inc., R.H. Trust Oysters No. 2, Inc., Tambour Bay, Inc., and The Diplomat, Inc., who file the following claim in the above referenced limitation of liability proceedings against Plaintiff-in-Limitation, Chet Morrison Contractors, LLC, as owner and operator of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, and the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, *in rem*.

1.

Claimants are all Louisiana corporations with their registered office in the Parish of Plaquemines, State of Louisiana.

2.

Made Defendants herein are:

a.      Chet Morrison Contractors, L.L.C., a Louisiana limited liability company with its registered office in the Parish of Terrebonne, State of Louisiana,

b.      the M/V MARY MORRISON, *in rem*,

c.      the M/V SUSAN MORRISON, *in rem*, and

d.      the barge CM-14, *in rem*.

3.

At all pertinent times hereto, Chet Morrison Contractors, L.L.C. was the owner and/or operator of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14.

4.

Plaintiff-in-Limitation, Chet Morrison Contractors, L.L.C., as the owner and operator of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, has filed a Verified Complaint in this action, seeking, in part, statutory relief under the Shipowner's Limitations of Liability Act (46 U.S.C. §30501, *et seq*.) as a result of property damage and economic damage caused to Claimants. Claimants hereby reiterate each of the answers and defenses raised in the Answer filed herewith and further deny the right of Plaintiff-in-Limitation to exonerate itself from liability, to deny and/or to limit its liability in this matter under any of the causes of action asserted in its Complaint. With that said, Claimants hereby assert their claims for damages as required by Court Order under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501, *et seq*.) and further assert their right to any available claims, causes of action and damages available to Claimants now or in the future against Plaintiff-in-Limitation or third parties under applicable maritime or state laws, including but not limited to the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq*.) while herein specifically reserving the right to assert, by way of this or unrelated litigation, any viable claims against any parties arising from the underlying incident.

5.

At all times pertinent herein Claimants had a proprietary interest in and were the lessees of and/or the successors of and/or continue to be the lessees of and holders of certain state waterbottoms for oyster bedding purposes, pursuant to the provisions of La. R.S. 56:421 *et seq*., (hereinafter referred to as "Oyster Leases") located in the Parish of Terrebonne, which include, but are not limited to, the following:

| State Lease No. | Plaintiff Leaseholder | Acres | Location of Lease |
|---|---|---|---|
| 2728414 | American Bay, Inc. | 40 | Muskrat Bayou |
| 3149806 | Bay Antoine, Inc. | 11 | Little Lake Cenac |

| 3092405 | Bay Antoine, Inc. | 38 | Deer Bayou |
|---|---|---|---|
| 3025604 | Bay Antoine, Inc. | 45 | Bay Northwest of Deer Bay and East of Bayou Colyell |
| 2941903 | Bay Antoine, Inc. | 52 | Bayou Sale |
| 3149906 | Bay Antoine, Inc. | 44 | Bayou Colyell |
| 2707313 | Bay Antoine, Inc. | 8 | Bayou Salad |
| 3258807 | Bay Antoine, Inc. | 13 | Bayou North of Bay Ernest |
| 3487911 | Bay Antoine, Inc. | 3 | Bayou West of Bayou Colyell |
| 3258707 | Bay Antoine, Inc. | 15 | Bayou Salad and Little Bay Salad |
| 2738614 | Bay Antoine, Inc. | 12 | Bayou Salad |
| 3527112 | Bay Antoine, Inc. | 9 | Bay of Bayou Salad |
| 3552711 | Bay Antoine, Inc. | 15 | Bayou North of Bay Penel and West of Bayou Colyell |
| 3485311 | Bayou Sabre, Inc. | 34 | Four Island Bayou |
| 3587714 | Bayou Sabre, Inc. | 284 | Caillou Bay |
| 3206306 | R.H. Trust Oysters No. 2, Inc. | 29 | Hackberry Lake |
| 3038504 | R.H. Trust Oysters No. 2, Inc. | 21 | Redfish Bayou |
| 3206106 | R.H. Trust Oysters No. 2, Inc. | 29 | Hackberry Lake |
| 3304708 | R.H. Trust Oysters No. 2, Inc. | 38 | Muskrat Bayou |
| 2707213 | R.H. Trust Oysters No. 2, Inc. | 69 | Red Fish Bay |
| 3597614 | R.H. Trust Oysters No. 2, Inc. | 11 | Hackberry Lake |
| 3204606 | R.H. Trust Oysters No. 2, Inc. | 29 | Hackberry Lake |
| 3632716 | R.H. Trust Oysters No. 2, Inc. | 38 | Hackberry Lake |
| 3168906 | RH Trust Oysters, Inc. | 40 | Hackberry Lake |
| 3206406 | RH Trust Oysters, Inc. | 30 | Hackberry Lake |
| 3582614 | RH Trust Oysters, Inc. | 30 | Hackberry Lake |
| 3039304 | RH Trust Oysters, Inc. | 14 | Hackberry Lake |
| 3596714 | RH Trust Oysters, Inc. | 9 | Hackberry Lake |
| 3269507 | Tambour Bay, Inc. | 34 | Hackberry Lake |
| 2921403 | Tambour Bay, Inc. | 48 | Bayou Couteau |
| 3232907 | Tambour Bay, Inc. | 18 | Little Bayou Saline |
| 2920513 | Tambour Bay, Inc. | 262 | Deep Saline |
| 3480811 | Tambour Bay, Inc. | 111 | A Group of Bays and Bayous Northwest of Deer Bay |
| 3472711 | Tambour Bay, Inc. | 14 | Bayou Couteau |
| 2718614 | Tambour Bay, Inc. | 24 | Deep Saline |
| 3038004 | The Diplomat, Inc. | 25 | A Bayou Northeast of Dog Lake Bayou |

| 3037904 | The Diplomat, Inc. | 24 | Bayou La Butte |
|---|---|---|---|
| 3271707 | The Diplomat, Inc. | 8 | Bay between Dog Lake Bayou & Bayou La Butte |
| 3039204 | The Diplomat, Inc. | 24 | Hackberry Lake |

6.

Claimants' Oyster Leases have sustained damage as a result of the incidents set forth herein.

7.

Claimants have complied with all requirements of La. R.S. 56:421, *et seq*.

8.

Claimants earn income as commercial oyster harvesters and fishermen and their harvesting and fishing business operations significantly and directly involve the Oyster Leases.

9.

The Oyster Leases are highly suitable for oyster cultivating and bedding purposes.

10.

At all times pertinent hereto, and more particularly on or about June 27, 2018 and thereafter, Plaintiff-in-Limitation began performing work on the Oyster Leases, including, but not limited to, work identified in the Louisiana Department of Natural Resources Permit Number P20161064 as follows:

> Proposed abandonment in place of existing 10" DST natural gas pipeline (53,134'), an 8" CDB natural gas pipeline (29,079'), removal of existing 10" DST natural gas pipeline (9,041'), and removal of existing 8" CDB natural gas pipeline (12,397') that are no longer in service. Also, the removal of Platforms 1 and 2 associated with boat landings, removal of 37 bulkheads/rock piles/signage. Approx. 71,399 cy. of native material will be displaced during pipeline and structure removal.

(hereinafter referred to as the "Work.")

11.

Prior to, during, and after the Work, Plaintiff-in-Limitation engaged in operations included dredging, wheelwashing, drilling, construction operations, jetting, the placement of barges, tug boats, and other equipment on the Oyster Leases, and the crossing of the Oyster Leases, and other related activities on the Oyster Leases, which activities resulted in destruction to reef and waterbottoms, excessive siltation, damage to oysters and oyster resources, and other harmful effects of the water and waterbottoms on the Oyster Leases, as well as, the destruction of and damage to portions of the Oyster Leases so as to make their leases unsuitable for oyster cultivation purposes.

12.

At all pertinent times hereto, Plaintiff-in-Limitation owned, operated, had the care, custody and control of and/or supervised the activities of barges, crewboats, tug boats and other vessels and equipment, including, but not limited to, the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, while traversing to, from, and across and while operating on the Oyster Leases.

13.

At all times pertinent herein, the actions and inactions and unseaworthiness of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14 and their crew were within the privity and knowledge of Plaintiff-in-Limitation and their owners, members, officers and agents.

14.

The aforesaid incident and resulting damages to Claimants were not caused or contributed to by any fault, negligence or want of care on the part of Claimants, but were caused or contributed

in whole or in part by the unseaworthiness of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, by the fault, negligence and want of care on the part of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, their officers and crew, and/or the fault, negligence and want of care on the part of Plaintiff-in-Limitation, its agents, servants and employees. Each and every act or omission on the part of Plaintiff-in-Limitation constitutes negligence and was a proximate and legal cause of Claimants' damages. The foregoing acts and unseaworthiness are within the privity and knowledge of Plaintiff-in-Limitation.

15.

The activities of Plaintiff-in-Limitation are the sole and proximate cause of a dramatic increase in oyster mortality rates on or over the Oyster Leases, in addition to, the destruction of and damage to the Oyster Leases and waterbottoms so as to make the Oyster Leases and waterbottoms unsuitable for oyster cultivation purposes.  Said increased oyster mortality rates and the damage and destruction of the Oyster Leases and waterbottoms have resulted and will result in severe losses of income to Claimants.

16.

The aforementioned increased oyster mortality on the Oyster Leases and waterbottom damage and destruction were further caused by the negligence, gross negligence, and recklessness of Plaintiff-in-Limitation in their Work, including, but not limited to, negligent dredging, wheelwashing, drilling, construction operations, jetting, their negligent failure to traverse a path or route to and from the location of activity which would have caused significantly less damage and destruction to the surrounding environment when such an alternative route and/or method were clearly and reasonably available to them; by their negligence in operating in areas which caused ruts and damage to the marsh and waterbottoms on or around the Oyster Lease, and by other acts

or omissions of negligence that will be shown at the trial of this matter. The conduct of Plaintiff-in-Limitation was willful, wanton, intentional, arbitrary, and capricious. Further, Plaintiff-in-Limitation acted with flagrant and malicious disregard.

17.

Plaintiff-in-Limitation had actual, subjective awareness of the risks involved in their activities and consciously disregarded such risks.

18.

Claimants itemize their damages as follows, to-wit:

1.    Damage to and destruction of the Oyster Leases, oysters, and waterbottoms, including lost value of oysters and oyster resources;

2.    Diminution of the value of Claimants' leasehold interest after the aforementioned acts of the Plaintiff-in-Limitation;

3.    Restoration and/or replacement costs of natural resources damaged or destroyed as a result of activities of all Plaintiff-in-Limitation, including reefs, waterbottoms, cultch material, and shell plants;

4.    Any and all other damages which will be shown at the trial of this matter.

19.

All the damages incurred herein and all the negligent acts and omissions of Plaintiff-in-Limitation occurred in the Parish of Terrebonne, State of Louisiana and within the jurisdiction of this Court. Wherefore, Claimants have and will continue to incur damages because of the negligence, fault, carelessness and/or omissions of Plaintiff-in-Limitation. Claimants also pray for such further orders and relief to which they are is entitled, whether at law or in equity.

20.

Claimants reserve and preserve unto itself the right to proceed in a chosen forum if and when Plaintiff-in-Limitation's Verified Complaint for Exoneration from or Limitation of Liability is dismissed and/or the injunction preventing Claimants from filing a formal claim for damages is dissolved.

21.

In addition to the allegations set forth in this Answer and Claim, Claimants hereby reserve and specifically do not waive their right to pursue any and all available causes of action and damages against any parties in relation to the Work for any and all acts of negligence and/or fault in connection with the Work which forms the basis of the pending Complaint for Exoneration and/or Limitation of Liability, including, but not limited to, any rights available to Claimants under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq.*) and any other applicable maritime, federal, and state laws.

22.

Claimants hereby assert a claim for punitive damages under any and all applicable laws, including, but not limited to, General Maritime Law and any and all other federal or state laws applicable to this matter and arising from actions and/or omissions of Plaintiff-in-Limitation.

WHEREFORE, Claimants pray for judgment denying all claims of Plaintiff-in-Limitation, Chet Morrison Contractors, L.L.C., as owner and operator of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, and the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, *in rem,* and for judgment in favor of Claimants and against Plaintiff-in-Limitation, Chet Morrison Contractors, L.L.C., as owner and operator of the M/V MARY MORRISON, M/V SUSAN MORRISON, and barge CM-14, and the M/V MARY

MORRISON, M/V SUSAN MORRISON, and barge CM-14, *in rem*, for all reasonable general and special damages Claimants have and will continue to incur because of the negligence, fault, carelessness and/or omissions of Plaintiff-in-Limitation. Claimants also pray for such further orders and relief to which they are entitled, whether at law or in equity.

RESPECTFULLY SUBMITTED:
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

/s/ Corey E. Dunbar
GEORGE PIVACH, II (10798)
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31st day of January 2020, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Corey E. Dunbar
COREY E. DUNBAR