UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF CHET MORRISON CONTRACTORS, LLC AS OWNER AND OPERATOR OF THE MARY MORRISON, ITS ENGINES, TACKLE, APPAREL, ETC., THE M/V SUSAN MORRISON, ITS ENGINES, TACKLE, APPAREL, ETC., AND THE CM-14 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 20-2781<br><br>SECTION "A" (2) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9)** filed by Claimants, American Bay, Inc., Bay Antoine, Inc., Bayou Sabre, Inc., RH Trust Oysters, Inc., R.H. Trust Oysters No. 2, Inc., Tambour Bay, Inc., and The Diplomat, Inc. Plaintiff-in-Limitation Chet Morrison Contractors, LLC opposes the Motion. (Rec. Doc. 10). The Motion, set for submission on January 6, 2021, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the record, and the applicable law, the Court finds that the **Motion to Dismiss** (Rec. Doc. 9) is **GRANTED** for the reasons set forth below.

**I.     Background**

Claimants are leaseholders of oyster leases in Terrebonne Parish. (Rec. Doc. 10, Opposition to Motion to Dismiss, p. 1). On June 15, 2019, Claimants filed a Petition for Damages ("Petition") in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana, alleging that defendants Texas Gas Transmissions, LLC ("Texas Gas") and Chet Morrison Contractors, LLC ("CMC") damaged Claimants' oyster leases while performing pipeline removal operations over and around Claimants' oyster leases. *Id.* Texas Gas was the owner of the pipeline to be removed, and it contracted with CMC to perform the pipeline removal. *Id.* at 2. CMC used three of its vessels in the course of its

operations in removing the Texas Gas pipeline. *Id*. The combined value of the vessels is $1,702,000.00. *Id*. (citing Rec. Doc. 8).

CMC was served with the Petition on July 5, 2019, and it filed its Answer to the Petition for Damages on August 22, 2019. (Rec. Doc. 9-1, Memorandum in Support, p. 2). On October 9, 2020, CMC filed its Verified Complaint for the Exoneration From and/or Limitation of Liability. *Id*.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction and may only hear those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may assert that a court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). The burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction over the claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A party who contends that a limitation action was not timely filed challenges the district court's subject matter jurisdiction. *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 315 (5th Cir. 2012). The Limitation Act "allows a vessel owner to limit liability for

damage or injury … to the value of the vessel or the owner's interest in the vessel." *In re the Complaint of RLB Contracting, Inc.*, 773 F.3d 596, 602 (5th Cir. 2014) (*citing Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001)). "To invoke the protections of the Act, the vessel owner must bring an action in district court 'within 6 months after a claimant gives the owner written notice of a claim.'" *Id.* (*citing* 46 U.S.C. § 30511(a) (2012)). This is a jurisdictional requirement. *Id.*

The Fifth Circuit has held that a communication qualifies as "written notice" if it "reveals a 'reasonable possibility' that the claim will exceed the value of the vessel." *Id.* (*citing In re Eckstein*, 672 F.3d at 315). "This standard evokes two inquiries: (1) whether the writing communicates the *reasonable possibility* of a claim, and (2) whether it communicates the *reasonable possibility* of damage in excess of the vessel's value." *Id.*

The "reasonable possibility" standard places the burden of investigating potential claims on the vessel owner:

> The Limitation Act provides generous statutory protection to the vessel owners who reap all of its benefits. When there is uncertainty as to whether a claim will exceed the vessel's value, the reasonable possibility standard places the risk and the burdens associated with that risk on the owner. In other words, if "doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship the owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount claimed is uncertain."

*In re Eckstein*, 672 F.3d at 317-18 (*quoting Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982)). Therefore, "[o]nce a reasonable possibility has been raised, it becomes the vessel owner's responsibility to initiate a prompt investigation and determine whether to file a limitation action." *Id.* Further, the Fifth Circuit has emphasized that "the standard is a reasonable *possibility*, not a reasonable *probability*." *In re RLB Contracting*, 773 F3d. at 603.

### III.    Law and Analysis

Claimants argue that this Court lacks subject matter jurisdiction over the limitation action, because the Verified Complaint was untimely filed 15 months after CMC received written notice of the claims. (Rec. Doc. 9-1, Memorandum in Support, p. 1). They contend that the filing and service of the Petition for Damages placed CMC on notice of a claim and the reasonable possibility that such claim would exceed the combined value of the vessels. *Id.*

CMC argues that it timely filed its Complaint for Exoneration From and/or Limitation of Liability, because it was filed within 6 months of receiving written notice that Claimants' claims may reasonably exceed the combined value of the vessels. (Rec. Doc. 10, Opposition to Motion to Dismiss, p. 1). CMC contends that Claimants' April 9, 2020 settlement demand served as first notice that Claimants' damages could potentially exceed the limitation fund, because Claimants' Petition contained insufficient factual allegations from which CMC could extrapolate an estimate of Claimants' damages. *Id.* at 2, 4.

There is no dispute that the filing and subsequent service of Claimants' Petition was sufficient to give CMC notice of the claims. *See In re RLB Contracting*, 773 F3d. at 603 ("A state court complaint clearly gives notice of the claim itself). "A demand need not express a specific quantum of damages so long as there is a reasonable possibility that a claim's value will exceed the value of the vessel." *Id.* Here, the Petition claims severe damage to 39 oyster leases totaling 1,602 acres. (Rec. Doc. 1-1, Petition for Damages, ¶ XII). Additionally, it includes an itemized list of damages: (1) damage to the oyster leases, oysters, and water bottoms, (2) lost value of oysters and oyster resources, (3) diminution

of value to the leasehold interest, (4) restoration and replacement costs of the damaged natural resources including reefs, water bottoms, cultch material and shell plaints, and (5) severe loss of income. *Id.* at ¶ XXIII. Because of the extent of the damages and the number of oyster leases and acreage affected, there was a reasonable possibility that the claims exceeded the limitation fund when CMC was served with Claimants' Petition.

Because the burden is placed on the vessel owner to investigate, CMC had the responsibility to investigate Claimants' claims and, because there was a reasonable possibility that damages could exceed the combined value of the vessels, it had the burden of instituting the limitation proceeding within 6 months of being served with Claimants' Petition on July 5, 2019. As the Fifth Circuit has stated, all that is needed is a reasonable possibility, not probability. CMC could have instituted the limitation proceeding even if it was uncertain whether Claimants' claims would exceed the combined value of the vessels. Thus, the Court rejects CMC's argument that it first received notice that Claimants' damages could potentially exceed the limitation fund from the April 9, 2020 settlement demand. CMC's limitation action is untimely, and this Court lacks subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that Claimants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9) is **GRANTED**.

March 18, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE